UNITED STATES of America,
Appellee,

v.

Erick VALLE–IGLESIAS, also known
as Erick G. Valle, also known as Al
Capone, Defendant–Appellant.

No. 08–1968–cr.

United States Court of Appeals,
Second Circuit.

Feb. 13, 2009.

John J. Durham, Assistant U.S. Attorney (Benton J. Campbell, United States Attorney, on the brief, David C. James, of counsel), Office of the United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Laurie S. Hershey, Manhasset, NY, for Defendant–Appellant.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY, Circuit Judges, and EDWARD R. KORMAN, District Judge.*

### SUMMARY ORDER

Defendant-appellant Erick Valle–Iglesias appeals from a judgment of conviction filed on April 14, 2008, following a plea of guilty to illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a), (b)(1). The District Court sentenced him principally to a ninety-six month term of imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Valle–Iglesias challenges his sentence on multiple grounds, including the ground that the District Court erred when calculating the applicable Guidelines range because it applied a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Section

---

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

2L1.2(b)(1)(A)(ii) authorizes a sixteen-level enhancement if the removed alien previously committed a crime of violence, which is defined to include "any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1. The District Court concluded that Valle–Iglesias's prior conviction for breaking into a commercial office and stealing computer equipment constituted a "crime of violence" even though that offense is not among those listed in the application note and does not include as an element "the use, attempted use, or threatened use of physical force against the person of another." The government concedes that the District Court's application of this enhancement was in error, and we agree.

The application of a four-level enhancement for Valle–Iglesias's prior offense, as set forth in the plea agreement—rather than the sixteen-level enhancement applied by the District Court—yields a Guidelines range of twenty-four to thirty months' imprisonment. Valle–Iglesias has been held in the custody of the government since his arrest on October 13, 2006, which amounts to a term of imprisonment of twenty-eight months. In light of "good time credit," we are concerned that Valle–Iglesias may have already served the maximum sentence advised by the Guidelines. For that reason, the mandate shall issue forthwith so that re-sentencing in the District Court can proceed expeditiously.

From whatever final decision the District Court makes on this remand, the jurisdiction of this Court to consider a subsequent appeal may be invoked by any party by notification to the Clerk of Court within ten days of the District Court's decision, see United States v. Jacobson, 15 F.3d 19, 21–22 (2d Cir.1994), in which event the renewed appeal will be assigned to this panel.

Accordingly, we VACATE the judgment of the District Court and REMAND the case for resentencing. The mandate shall issue forthwith.